United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

GUSTAVE LINK,

Plaintiff,

v.

JOHN C. DUNCAN, et al.,

Defendants

/

No. C-12-0726 MMC

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND; DIRECTIONS TO CLERK; VACATING HEARING**

Before the Court is defendant California Department of Industrial Relations' ("DIR") motion, filed March 7, 2012 and amended March 16, 2012, to dismiss the complaint in the above-titled action; the motion is brought on behalf of the DIR, as well as DIR Director John C. Duncan ("Duncan") and Hearing Officer John W. Cumming ("Cumming") (collectively, the "DIR Defendants"). Plaintiff Gustave Link ("Link") has filed opposition.[1] No reply has been filed. Having read and considered the papers filed in support of and in opposition to the motion, the Court deems the matter suitable on the parties' respective written submissions, VACATES the hearing scheduled for April 27, 2012, and rules as follows.

Link alleges his apprenticeship with "piledrivers local 34" was terminated in 2005

[1]Under the Local Rules of this District, opposition to a motion must be filed no later than fourteen days after the date on which the motion is filed. See Civil L.R. 7-3(a). Link's opposition was untimely, as it was not filed until April 12, 2012. Nonetheless, the Court has considered the opposition.

(see Compl. ¶¶ 7, 16-18), that he thereafter filed with the State Division of Apprenticeship Standards a complaint by which he sought review of the termination (see Compl. ¶ 19), that Cumming conducted a hearing on the matter in May 2007 (see Compl. ¶ 22), that Duncan, in a written decision dated September 27, 2007, "affirmed" the termination (see Compl. ¶ 27), and that the California Apprenticeship Council ("CAC"), in January 2008, "affirm[ed]" Duncan's decision (see Compl. ¶ 24). Link alleges that Cummings and Duncan, as well as the members of the CAC,[2] violated his rights under state and federal law when they affirmed the termination of Link's apprenticeship. In particular, Link alleges that defendants' decisions to affirm the termination violated Title I of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 1983 and 1985(3), the California Fair Employment and Housing Act ("FEHA"), and, with respect to Cumming, the "California State Administrative Rules." (See Compl. ¶ 30.)

The DIR Defendants argue that each of Link's claims is barred by the doctrine of res judicata. As the DIR Defendants correctly observe, Link previously filed in federal court a complaint against the same defendants named in the instant action. By order filed August 28, 2009, the prior complaint, Link v. Brown, C 09-1912 MMC, was dismissed for failure to state a claim, and a judgment on the Court's order of dismissal was filed that same date. Thereafter, the Ninth Circuit affirmed the judgment of dismissal, see Link v. California, 395 Fed. Appx. 383 (9th Cir. 2010), and, on April 18, 2011, the Supreme Court denied Link's petition for a writ of certiorari, see Link v. California, 131 S. Ct. 2100 (2011).

"Res judicata, or claim preclusion, prohibits lawsuits on any claims that were raised or could have been raised in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (emphasis in original; internal quotation and citation omitted). "Res judicata applies when there is: (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." Id. (internal quotation and citation omitted). Here,

---

[2]Link has named four members of the CAC as defendants: Ann Quick, Les Denherder, Carl Goff, and Diana Kimble (collectively, the "CAC Defendants"). To date, none of the CAC Defendants has appeared.

each of the three requirements is satisfied.

First, an "identity of claims" exists because the prior action and the instant action both "arise out of the same transactional nucleus of facts." See Frank v. United Airlines, Inc., 216 F.3d 845, 850 n.1 (9th Cir. 2000) (internal quotation and citation omitted), cert. denied, 532 U.S. 914 (2001). Specifically, both actions are predicated on the same set of factual allegations, specifically, the manner in which the DIR Defendants, as well as the CAC Defendants, reviewed the termination of Link's apprenticeship.

Second, because each of the claims alleged in the complaint filed in the above-referenced earlier action was dismissed for failure to state a claim, the judgment entered in that action constitutes a final judgment on the merits. See Stewart, 297 F.3d at 957 (holding "dismissal for failure to state a claim" is "judgment on the merits" for purposes of res judicata).

Third, as noted above, each defendant named in the instant action was named as a defendant in the prior action.

Alternatively, even assuming the claims in the instant complaint were not so barred, each is subject to dismissal on its merits. Specifically, (1) the ADA Title I and FEHA claims, by which Link alleges employment discrimination, are subject to dismissal because Link has not alleged and cannot allege that any of the DIR Defendants was his employer, see Link, 395 Fed Appx. 383, at *1; (2) the claims brought under § 1983 and § 1985(3) claims, to the extent they are alleged against the DIR Defendants in their official capacities, are barred by the Eleventh Amendment, see id.; and (3) the claims brought under § 1983 and § 1985(3), as well as the state law claim for violation of administrative rules, are barred by "absolute judicial immunity," see id.

In sum, the DIR Defendants have shown that each of the claims alleged against them in the instant complaint is subject to dismissal for failure to state a claim. Moreover, the deficiencies identified above are wholly applicable to the claims alleged against each of the other defendants named in the instant complaint, and, accordingly, the complaint is subject to dismissal in its entirety as to those defendants as well. See Silverton v. Dep't of

Treasury, 644 F.2d 1341, 1345 (9th Cir. 1981) (holding, where court grants motion to dismiss as to one defendant, court may dismiss claims against non-moving defendants who are "in a position similar to that of moving defendants").

Finally, in light of the above-discussed reasons for dismissal, the Court finds further leave to amend would be futile.

**CONCLUSION**

For the reasons stated above, the motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED in its entirety without leave to amend.

The Clerk of the Court shall close the file.

**IT IS SO ORDERED.**

Dated: April 24, 2012

MAXINE M. CHESNEY
United States District Judge